Thank you, Your Honor. May it please the Court, my name is Stephen Babcock. I'm from the Federal Defenders of Montana Billings Division. I represent the appellant in this matter, Bradley Brandon. Our argument in this case is that pursuant to the PROTECT Act, 3E1.1b, as amended on April 30, 2003, violates the separation of powers doctrine, therefore taking power away from the judiciary and giving it to the executive. As a result of this violation, I am here today to speak on behalf And the reason that we say that is from when the sentencing guidelines were promulgated in 1987 until 2003, underneath 3E1.1, it was up to the sentencing court, pursuant to Section A and Section B of the sentencing guidelines, whether or not an individual is so qualified, received a three-level reduction in the offense category. I think your argument implies, tell me if this is right, that it's also unconstitutional to have the cooperation departure up to the government. Are you referring to 5K1.1 of the substantial assistance? Your Honor, I believe that there's substantial differences between those two motions. Number one is that when, in 1987, when the sentencing guidelines came into effect, as stated in U.S. v. Nistretto, which is a controlling case in this matter, I believe, is that it was specifically stated is that the sentencing commission was located within the judiciary branch. That remained in effect. However, at that point, pursuant to 3E.1b, it was also at that point that the judge was the fact finder and the judge underneath the acceptance of responsibility provision was the decider. That has since changed. It is a power that was traditionally with the judiciary that now has been taken away and given to the prosecuting unit, which in essence, in this case, also becomes the sentencing unit. So there is a difference in tradition. There also is a difference in the way that it works. Wait, I didn't follow something of what you just said. Under 5K1.1, the defendant can't get the reduction, even if the judge thinks he ought to, unless the prosecutor says he should. Correct. And that's the way it is. It seems like that's just the same as the Protect Act change that says you can't get the third point for acceptance of responsibility, even if the judge thinks the defendant should, unless the prosecutor says he should. Well, what I was trying to explain, Your Honor, is that the fundamental difference is that this is a power that has been taken away. That was a power that was promulgated and put in place and enacted by the Sentencing Commission back in 1987. You're saying if it had always been that way, it would be okay? I think there is a difference, yes. But you can't change it. Congress can't change it. How is that? Is yours a constitutional argument? Yes, it is, Your Honor. It's a separation of powers. Well, what difference does it make if it's in the set out in the guideline authorization or if it's done separately? Well, I think the reason why is because the Sentencing Commission, of course, is located within the judiciary branch. This Protect Act essentially took that away, the fact-finding position for the judge, and took it away from the judge and allowed it to go to the executive branch, therefore transferring the power from the judicial branch to the executive branch. Another difference that I would like to point out between the executive's responsibility and the substantial assistance motion is, number one, in how that works. If you have a judge can transfer, the judiciary can transfer the authority to the executive and not violate the separation of powers. That's not what we're arguing here. We're arguing here is that that power was always with the judiciary, with the sentencing judge. The Protect Act has taken that away, that power away from the sentencing judge, put it in the executive power. I was asking about the acceptance of responsibility analogy. You seem to say that because the sentencing scheme, the sentencing guideline scheme envisioned that from the beginning, that it's okay because that's in the judiciary. But this is done by statute, so it's not okay. The ultimate practical power to increase the sentence still lies in the prosecutor rather than the court under both systems. Under both systems, yes, but that has, of course, changed in 3.E.1b. And that's why we're saying is that the shift in power has since resulted in a separation of powers problem. One other difference that I want to point out between the acceptance of responsibility and the substantial assistance is that the nature of the beast. And one is, though, that if you have a situation where a person comes forward and they give information, that leads to additional indictments. You also have underneath Rule 35, they can obtain a percentage reduction after even sentences imposed. In this situation, in 3.E.1b, what you have is an actual calculation of the sentencing guidelines. At this time, when this case was decided, of course, that it was pre-Booker and the At that point, essentially, Mr. Brandon was categorizing his offense to level 22. You're going a little fast for me. I'm trying to see the difference. Under 5K1.1, the defendant gets a discount for helping the government out when it tries to prosecute other people, and it's up to the government to say whether he did. Under the PROTECT Act, but the discount is limited and codified. No, it isn't under 5K1.1, now that I think about it. But under the PROTECT Act, there's a discount that is limited and codified for helping the government out by saving them some work. Correct. But it's limited and codified to one point. It's limited and codified to one point. Of course, in this point, in Mr. Brandon's position, it resulted in seven months of further incarceration because of that one point, that the judge couldn't even consider whether or not that Mr. Brandon entered a tie with the court. Would the judge even know? I mean, the idea of that extra point under the statute is saving the government a lot of time, and it seems like the prosecutors would know how much time and effort they were saved, and the judge wouldn't. Well, Your Honor, if I may quote from this court, U.S. v. Kimball, at that time, it said that, ultimately, the district court is in the best position to determine whether the guilty plea came early enough to prevent the trial court and the government from wasting the time and resources in preparation for trial. We say that all the time, and that's partly to express our deference for the district court's judgment as compared to our own judgment. And partly, back then, the extra point was for saving both of them time, the court and the prosecutor. And that's what we have here right now. In this position, since it has changed to the executive branch, the prosecutor can also decide whether or not the court, in and of itself, has wasted the resources. I guess I don't understand. I guess I'm having trouble understanding why you want to argue this, because it would, following up on Judge Kleinfeld's line of questioning, it would seem that this would be, make it very difficult, if you were to succeed, make it almost impossible for anybody ever to get this point reduction, because the judge would never know what happened during the plea negotiations or anything else. Well, Your Honor, I would respond that that's the way it always had been until 2003, that the judge was the judge. Aren't you better off this way? We would prefer that the real... Under this system than you were before? No. We do not believe so. We believe as though that we would rather have the sentencing judge imposing a sentence and not the government having the responsibility of putting that forward and the judge not even having a voice whether or not an individual gets an extra  sentence. If I could at this time, I'd like to reserve the rest of the time for everybody. Thank you. May it please the Court, the government wishes to follow up initially on the point raised by Judge Kleinfeld, is this, in fact, distinguishable, this new provision in the PROTECT Act, is it distinguishable from a number of other provisions that are across the federal code in Title 18 and elsewhere? The government's position is the authority that was set forth in the PROTECT Act is very comparable to what we have in other provisions, not just 5K1.1 of the sentencing guidelines, but all the other provisions that have been set forth in the government's brief, 21 U.S.C. 851, where the government can make a filing of an information that shows the defendant had a prior drug conviction and that that would be something that would automatically enhance the sentence. Not something the court can do unless the government files it. The provision in 3553E, where if the government decides that a sentence reduction should occur based upon the substantial assistance, a mandatory minimum sentence floor can be busted, so to speak, by the district court in order to make sure that a sentence below that mandatory minimum reflects the substantial assistance of the defendant. So there are a number of provisions that are across the code that allow the government to make a motion or make a filing that are going to be somewhat determinative in terms of what a sentencing range or an outcome is. Now, this provision specifically, as we've discussed in the opening brief, the 3553E1.1b actually is also tied to whether the defendant, at least in some cases, has provided assistance to the government. In order to qualify for that third point, the government must consider whether the defendant has timely provided complete information to the government concerning his own involvement in the offense or timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial. So to the extent that the defendants are arguing, the defendant in this case is arguing that this isn't close to 5K1.1 and the provision that allows the government to file a motion there. In fact, that initial subsection of 3E1.1 specifically talks about timely assistance provided to the government being a factor that the government can look to. But I think as Mr. Babcock noted, the Kimple case in 1994 dealt with sort of that second subsection. Is the district court in a better position to know than, in this case, the government about how the resources have been allocated and expended? And I think the Congress in 2003 made a determination that there were a number of third points being awarded to defendants who were pleading on the eve of trial and that this was something that was not good in terms of the allocation of resources of either the judiciary or the government, and the government was in a position to know that. And so we have a legislative history here that is distinct. I think we understand that. Okay. Doesn't that, the PROTECT Act, limit the sentencing powers of a district judge in the section we're talking about? In this section, if the government files a motion for the third point, makes an oral motion, the government, the judge can either grant the third point or reject it. The court would be in a position to say, I don't believe that this was helpful to the court because our resources were expended. It is true that if the government doesn't make the motion, the court does not have the ability to give the third point. But I think that's a reflection of the congressional intent to say the government is in the best position to know whether the assistance was timely and whether the plea was timely. And so the court is limited with respect to that one point. Your answer to my question is yes. My answer to your question is yes, but I want to qualify, because this now is all related to the current context we're in post-Booker, where the guidelines are no longer So in the current context, the court is not precluded from issuing a sentence below what would otherwise be the applicable guideline range. We, of course, could bring an appeal based upon unreasonableness, but I think it's worth What you're saying is it doesn't really take it away from the judge. The judge could still give the defendant the benefit that the third point would have given him under the alternative guise of treating the guidelines as advisory. Yeah. The court has to do the guidelines calculation, and in this circumstance, I don't believe the court would have had the authority to give the point, but the court could, in imposing sentence, reflect a sentence that was seven months lower. I think that's equivalent about the difference between 78 and 71. The defendant believes that it should have been 71 instead of 78 as the high end. Let me see if I've got the logic of this right. Congress has plenary power to say what the sentences should be for crimes. It can say that the sentence for this crime is 30 days or 30 years, and unless it's cruel and unusual punishment, that's that. Correct. Congress could say sentence should be reduced by 5% if the person pleads at least 30 days prior to the date scheduled for trial. Correct. And that would be under its plenary power for sentences. So the only issue is whether Congress can say what amounts to the same thing adding the proviso if, or any time up to trial, if the government says it's okay. Correct. But you're saying, gee, they give the government the right to say okay on all kinds of things, like whether it indicts for something with a mandatory minimum. What's the difference? Exactly. This Court and a number of courts, including the Supreme Court, have looked at not only 5K, but 3553E, 851, and made all of these determinations to the extent that the Court, that Congress has given the United States the authority to make a motion or make a filing, but that's not unconstitutional under separation of powers. And certainly this is not distinguishable factually from those other circumstances. We could have mandatory minimum sentences attached to every single statute. One thing that I did want to raise for the Court that I think is relevant to the question of whether a remand is necessary in this case, the Court received a 28J letter from the defendant on Monday citing this Court's recent decision in Moreno-Hernandez. And Moreno-Hernandez would suggest that if there is any sort of, well, I won't read it out loud, but I'll read the provision, but it sounds like in the amended Moreno-Hernandez opinion, that if there is a, if we have a Booker context appeal where the defendant has taken a direct appeal and there is a guideline issue at question, which there certainly is here, and if the Court thought the guidelines were mandatory, that that is entitled to an automatic remand under Moreno-Hernandez. I want the duty candor, want the Court to know that in the excerpts of record in this case, page 9, Judge Siebel has noted, I'm obligated by the law passed by Congress to follow sentencing guidelines. They don't even allow me to consider probation, much less put him on probation. And so the question here is, if the Court thought he was dealing with a mandatory construct when, in fact, he was dealing with an advisory construct, does that trigger an automatic appeal under the Amline and Bank opinion? And I gave a 28-J letter today providing additional authority for the Court that I think the Court should look at. That's the Cervantes-Flores published opinion dated August the 24th, where the language says, because the guidelines are no longer binding, however, and we cannot ascertain whether the judgment is consistent with Amline. The Court should know, though, that in this case, as is reflected on page 14 of the excerpts, Judge Siebel had made a number of findings noting that Mr. Brandon was close to a career offender. He says, I believe a sentence at the high end of the guideline will promote respect for the law and provide just punishment. This Court, given Amline, the Moreno case, the District Court, had the chance to sentence anywhere from 63 to 78 months if you take the government's view that that's the appropriate guideline. If you believe, Mr. Babcock, that it's an advisory system, but even in a mandatory system, it was only 57 to 71, what you know is the District Court did not believe that this defendant should be sentenced anywhere near the low end. He believed that the only thing that was clear was the high end, and whether a remand on that record is appropriate seems, you know, really questionable given what this Court has said in Amline. We know that the Court in Amline has said a limited remand is appropriate, but if we look at the language, the language is like the difficulty in assessing whether the sentencing area affected his substantial rights arises because the record does not provide an inkling of how the District Court would have provided had it known that the guidelines were advisory rather than mandatory. We surmise that the record in very few cases will provide a reliable answer. Well, we know in this case the District Court didn't think anything other than a high end sentence was appropriate. But I don't think we have a lack of clarity on what the District Court would do. I think you've made the point. Okay. And unless the Court has further questions, the government will rest. Thank you. Thank you. I would like to address a couple of points made by counsel in regards to analyzing this to sentence enhancements. If the government does file a petition for a sentence enhancement, the defendant in that case has the right to rebut that. The defendant has the right to prove as though that a prior conviction is not valid. And the judge is the fact finder. In this case, we don't have the same situation. If the government does not move, there is no avenue for the defendant to say as though that he should receive the additional point. I don't understand the distinction. I'm thinking, well, I had a case yesterday where the government made a deal with a guy who was clearly liable for the armed career criminal statutory mandatory minimum. And they said, well, we won't indict you for that if you sign a plea agreement agreeing to an upward adjustment on your felon in possession of a firearm. And the government does that kind of thing all the time. That is correct. And it is in a situation where the government does have controls on who they charge and everything like that. But in regards to the enhancement situation, at least the defendant has the right to rebut it, and the judge is the fact finder on whether or not the enhancement agrees. Additionally, even at sentencing, lots of times what you have is those enhancements are brought up by the probation officer and the PSR. Or the judge can take a look at it and find out. Ultimately, the judge is the fact finder in imposing the sentence. That's not what we have here. What we have here is though that if the government does not move, the person is not eligible for that additional point. Another point that I want to relate to is in regards of the reasonable standard that was brought up. Of course, the circuits and also this court has commented in the initial Moreno-Hernandez case has stated pursuant to 3742F as though that the guidelines must be calculated in an accurate manner. If they are not calculated in an accurate manner, this court should remand with instructions for appeal. That's what we are saying in this case, is though that hopefully the court will take a look at this situation, realize that there's a separation of powers problem, will send it back, and we'll have Mr. Brannon resentenced. I thank you. Thank you.
judges: Schroeder, Alarcon, Kleinfeld